UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CASE NO.: 26-369

MAY 19 2026

COURTNEY GENE JETER,
                    Petitioner-Appellant

v.

UNITED STATES OF AMERICA,
                    Respondent-Appellee

MOTION TO DISCHARGE COUNSEL AND PROCEED IN PRO-SE IN THE REQUEST FOR COA

Comes now,

Petitioner, Courtney Gene Jeter, proceeding pro-se, who hereby files this motion to discharge counsel and proceed pro-se in the request for COA and states the following in support of this motion:

Petitioner, represented by counsel D. Craig Hughes, filed a §2255 petition before the district court that was subsequently denied. Attorney Hughes in error omitted critical evidence that resulted in the denial of the §2255 petition where the district court referred to the claims raised as frivolous in the absence of the omitted evidence. Attorney Hughes never asked the district court for time to provide the omitted evidence that was available, despite being mentioned in the §2255 petition and referenced in the appendix. The district court never allowed counsel the time needed to file the omitted evidence resulting in a denial of due process. As a result of counsel's error, Grounds One, Two and Three were all denied.

Petitioner has made several attempts to contact Mr. Hughes via e-mail and phone calls; Petitioner was unable to reach Mr. Hughes. Petitioner cannot file a claim of ineffective assistance of counsel against hired habeas corpus counsel so in the interests of justice and in order to prevent a fundamental miscarriage of justice, Petitioner respectfully moves this court to discharge counsel and allow

1

Petitioner to proceed pro-se. Counsel has filed a request for COA and once again counsel has made the same error he made before the district court by failing to mention the due process violation or the omitted evidence that resulted in the denial of the §2255 petition. If there is nothing before this court that reflects such an error this court will most likely deny the request for COA.

Please see the attached Motion for Leave to Amend and Supplemental Memorandum of Law in support of the request for COA.

For all of the above listed reasons Petitioner respectfully moves this court to grant this motion to discharge counsel and allow the Petitioner to supplement the request for COA with the attached motions in the interests of justice.

Dated this 31st day of April, 2026.

Respectfully submitted,

Courtney Gene Jeter #12508-122
Federal Correctional Institution
Lompoc I
3600 Guard Road
Lompoc, CA 93436

In pro-se

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Case No: 26-369

COURTNEY GENE JETER,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

---

On Appeal from the United States District Court for the
District of Hawaii
Case No: 1:25-cv-00208-DKW-KJM and 1:21-cr-00063-DKW-KJM

---

MOTION FOR LEAVE TO AMEND AND FILE PROPOSED SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF REQUEST FOR CERTIFICATE OF APPEALABILITY

---

Courtney Gene Jeter Pro-se
Prison # 12508-122
F.C.I Lompoc Low I
3600 Guard Road
Lompoc, CA- 93436

Mr. Jeter request permission to file the attached supplemental brief because:

1. Counsel in error omitted crital facts;

2. Certain claims were not fully developed;

3. Interest of justice require supplementation.

PROPOSED SUPPLEMENT

A. Additional Facts

B. Additional Legal Authority

C. Clarification

CONCLUSION

Mr. Jeter request that this court accept the supplemental filing.

Dated: April 31, 2026

Courtney Gene Jeter Pro-se
Prison # 12508-122
F.C.I. Lompoc Low I
3600 Guard Road
Lompoc, CA 93436

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
REQUEST FOR CERTIFICATE OF APPEALABILITY

## I. INTRODUCTION

Mr. Jeter, proceeding pro-se, respectfully submits this supplemental memorandum in further support of his request for a Certificate of Appealability ("COA") pursuant to 28 U.S.C. §2253(c).

A COA should issue where the petitioner demonstrates that "jurists of reason could disagree with the district court's resolution of his constitutional claims or conclude the issues presented are adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, the district court denied relief on multiple constitutional claims without considering critical, readily available evidence due to counsel's omission and without permitting correction of the omission. At minimum, reasonable jurists could debate whether this resulted in (1) ineffective assistance of counsel under the Sixth Amendment, and (2) a denial of due process in the adjudication of Mr. Jeter's §2255 motion.

## II. LEGAL STANDARD FOR COA

A petitioner need not prove that he will prevail on appeal. Rather, he must show only that reasonable jurists could debate the correctness of the district court's ruling. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). This is the "threshold inquiry," not a full merits determination. Id.

## III. ARGUMENT

A. Reasonable Jurists Could Debate Whether the District Court's Refusal to Consider Critical Evidence Resulted in a Sixth Amendment and Due Process Violation (Grounds One, Two and Three).

1. Counsel's oversight in submitting critical evidence.

1

Here, counsel in error failed to include critical evidentiary materials in support of Mr. Jeter's 2255 motion, including: Reports of investigation (ROI'S), Discovery material (disc evidence), and Correspondence documenting the entrapment defense.

These materials went directly to the core of Mr. Jeter's claims of: Government Overreach, Entrapment and Failure to Investigate. This omission left the claims unsupported on their face, leading the district court to characterize them as frivolous.

At minimum, reasonable jurists could debate whether counsel's failure to submit evidence already in his possession, cited in the 2255 motion and appendix, fell below an objective standard of reasonableness.

2. The District Court's Failure to Allow Correction Raises Serious Due Process Concerns.

The district court denied relief without allowing counsel to supplement the record with the omitted evidence. This raises a fundamental fairness issue. A 2255 proceeding must provide a "meaningful opportunity" to present constitutional claims. See Townsend v. Sain, 372 U.S. 293 (1963). Where the denial of relief rests on absence of evidence that was in fact available but not considered due to pro-cedural rigidity reasonable jurist could debate-whether the proceedings satified due process.

Importantly, the court relied on lack of evidentiary support, the evidence existed and was identified and the court did not allow supplementation. This creates a debatable constitutional issue as to whether Mr. Jeter received a full and fair adjudication of his claims.

3. Prejudice Is At Lease Debatable

Prejudice under Strickland requires a reasonable probability of a different outcome. Here, the omitted evidence would have: Supported the claim that the Gov-ernment actors (or de facto agents) initiated and orchestrated unsolicited criminal conduct , corroborated Mr. Jeter's entrapment theory and undermined counsel's

2

credibility regarding whether the defense was raised.

Because the district court denied the claims for lack of evidentiary support, the missing evidence goes directly to the outcome. At minimum, jurists of reason could debate whether the omission affected the result.

B. Ground Two: Plea-Stage Ineffective Assistance Is Debatable Under Supreme Court Precedent.

The Supreme Court has made clear that the Sixth Amendment applies fully at the plea stage. See Hill v. Lockhart, 474 U.S. 52 (1985). Under Hill, a petitioner establishes prejudice by showing that; but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Here, Mr. Jeter maintains that counsel failed to investigate and advise him regarding a viable entrapment defense. The omitted evidence particularly: Correspondence documenting Mr. Jeter's assertion of entrapment, Evidence suggesting government inducement, supports the claim that such a defense was not only viable but central. If properly advised, Mr. Jeter would not have pleaded guilty. This aligns with Hill and is further supported by Rodriguez v. United States, 395 U.S. 327 (1969), which emphasizes the importance of preserving a defendant's rights when counsel's failures affected critical decisions.

At minimum, reasonable jurists could debate whether counsel failed to adequately investigate and whether that failure affected the plea decision.

C. Ground Four: Failure to File a Requested Appeal Is Debatable Under Roe v. Flores-Ortega.

In Roe v Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court held; If a defendant requests an appeal and counsel fails to file it, performance is deficient, prejudice is presumed because the defendant is denied an entire proceeding.

This rule applies even where there is an appeal waiver. See Garza v. Idaho, 586 U.S. 232 (2019). Here, there is a clear factual dispute; Counsel claims Mr. Jeter declined to appeal, Mr. Jeter asserts he requested an appeal.

3

Documentary evidence shows Mr. Jeter paid for transcripts consistent with pursuing an appeal. Despite these contradictions, the district court credited counsel's testimony. However, reasonable jurists could debate whether the district court properly weighed conflicting evidence, whether the payment for transcripts corroborates Mr. Jeter's intent to appeal and whether counsel fulfilled his constitutional duty to consult and act. Under Flores-Ortega, even ambiguity in a defendant's instructions can trigger a duty to consult. This alone makes the issue debatable among jurists of reason.

D. The Combined Effect of Errors Further Supports Issuance of a COA.

Even if each claim is viewed individually, the cumulative effect strenghtens the case for COA. Failure to investigate, Failure to present evidence, Failure to advise plea and Failure to preserve appellate rights. Taken together, these raise serious constitutional concerns that warrant appellate review.

## IV. CONCLUSION

Mr. Jeter has made the required threshold showing under 28 U.S.C. 2253(c). At minimum, reasonable jurists could debate; whether counsel rendered ineffective assistance, whether the district court's refusal to consider critical evidence denied due process and whether Mr. Jeter was deprived of his right to appeal.

Accordingly, a Certificate of Appealability should issue on all four grounds.

Respectfully submitted,

Courtney Gene Jeter Pro-se
Prison # 12508-122
F.C.I. Lompoc Low I
3600 Guard Road
Lompoc, CA 93436

Dated: April 31, 2026

4

CERTIFICATE OF COMPLIANCE

I, Courtney Gene Jeter, proceeding pro-se, certify that this Motion to Discharge Counsel, Motion for Leave to Amend and Supplemental Memorandum of Law complies with the word limit of applicable Federal Rules of Appellate Procedure and Ninth Circuit Rules.

CERTIFICATE OF SERVICE

I further certify that on May 8, 2026 I sent a copy of the Motion to Discharge, Motion for Leave to Amend and Supplemental Memorandum of Law to the following listed below via the United States Postal Service.

United States Court of Appeals
For the Ninth Circuit
Office of the Clerk
P.O. Box 193939
San Francisco, CA 94119

United States Attorney's Office
Northern District of California
P.O. Box 36055
San Francisco, CA 94102

Dated on this 8th day of May, 2026.

Courtney Gene Jeter #12508-122
Federal Correctional Institution
Lompoc I
3600 Guard Road
Lompoc, CA 93436

In pro-se